**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 93-3518
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

TRAVIS WILHIKE,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(CR 92-562 "L" (2))

_____

(March 7, 1994)

Before JOLLY, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Travis Wilhike was convicted by a jury of
distributing cocaine, conspiring to distribute cocaine, and
carrying a firearm in relation to a drug trafficking crime, in
violation of 21 U.S.C. §§ 841(a)(1) and 924(C)(1), and 18 U.S.C.
§ 2.  On appeal, Wilhike challenges the sufficiency of the evidence

---

[*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

to support the firearms charge, and disputes the sentencing court's denial of a reduction in his base offense level for acceptance of responsibility.  Finding no reversible error on either claim, we affirm.

I

FACTS AND PROCEEDINGS

In 1992 DEA Agent Mark Lusco received information from a confidential informant that Wilhike was involved in cocaine trafficking.  The informant put Agent Lusco in contact with Wilhike.  Cocaine was purchased from Wilhike on four separate occasions.  The government introduced extensive evidence of audio and visual surveillance of each purchase.

The last purchase occurred in a motel room.  During that purchase, Agent Lusco was accompanied by another DEA agent, and a third agent was stationed outside the motel room.  Wilhike arrived at the motel with two other individuals, Malikid Leggins and Christopher Banks (both of whom eventually pleaded guilty to the drug-trafficking offenses).  While Wilhike entered the motel room Leggins and Banks waited outside in a parked car.  When Wilhike was ready for the transaction to take place, he called Leggins on a walkie-talkie.  Leggins gave the walkie-talkie to Banks and brought the cocaine inside.  Banks later got out of the car, leaving a handgun on the seat.  The three men were arrested after the sale was completed, and the gun was recovered from the car seat by the agents.

ANALYSIS

A.   Conviction:  Insufficiency of the Evidence

Wilhike argues that the evidence was insufficient to support his conviction for using or carrying a firearm in connection with a drug-trafficking offense.  In reviewing the evidence for sufficiency, we seek to determine whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt. United States v. Sparks, 2 F.3d 574, 579 (5th Cir. 1993), cert. denied, 114 S.Ct. 720 (1994) and 62 U.S.L.W. 3472 (U.S. Jan. 18, 1994) (No. 93-7055).  The evidence need not exclude every rational hypothesis of innocence, and we accept all credibility judgments supporting the verdict.[1]  Id.

To sustain a firearms conviction under 18 U.S.C. § 924(c)(1), the government must prove that Wilhike committed a drug-trafficking offense, and that he knowingly used or carried a gun during and in relation to that crime.  United States v. Willis, 6 F.3d 257, 264 (5th Cir. 1993).  Conviction under § 924(c)(1) does not depend on

---

[1]  Although Wilhike moved for a judgment of acquittal at the close of the government's evidence, it is not clear that Wilhike renewed his motion at the close of all of the evidence.  If a defendant fails to move for a judgment of acquittal at the close of the evidence, we may set aside the conviction only if affirmance would result in a manifest miscarriage of justice.  United States v. El-Zoubi, 993 F.2d 442, 445 (5th Cir. 1993).  As the record is unclear and as the government does not argue that the stricter standard of review applies, we here apply the more lenient standard.

proof that the defendant had actual possession of the gun or used it in any active manner, only that it was available to provide protection to the defendant in connection with his engagement in drug trafficking.  Id.  The government may also meet this burden by proving that the gun had the potential of facilitating the drug-trafficking operation and that the presence of the gun was connected with the drug trafficking.  United States v. Featherson, 949 F.2d 770, 776 (5th Cir. 1991), cert. denied, 112 S.Ct. 1698, 1771 and 113 S.Ct. 361 (1992).

Wilhike argues that, inasmuch as the firearm was in a car in the motel's parking lot during the drug transaction inside the motel room, the gun was not readily accessible; therefore, it could not have been used or carried during the commission of a drug-trafficking offense.  We have not, however, found it necessary that the gun be immediately accessible in order to convict a defendant under § 924(c)(1).  A conviction is supportable if the government shows that the gun was an "integral part" of the transaction. United States v. Molinar-Apodaca, 889 F.2d 1417, 1424 (5th Cir. 1989) (marijuana found in outside shed, firearms found inside home); see also United States v. Capote-Capote, 946 F.2d 1100, 1104 (5th Cir. 1991) (fact that defendant arrested at a place different from place where firearm found is legally insignificant), cert. denied, 112 S.Ct. 2278 (1992).  Further, although here the firearm was not in close physical proximity to Wilhike, he was in walkie-talkie contact with the person who actually possessed the gun during the transaction.  Thus, Wilhike could have obtained the gun

4

readily.

Wilhike also argues that he did not plan the presence of the firearm at the drug sale; therefore, there was no connection between the presence of the firearm and the likelihood of success of the transaction. Even assuming that Wilhike did not foresee the presence of the gun prior to the drug sale, and acknowledging that he did not have the gun in hand or on his person, the evidence nevertheless demonstrates that he "used" the gun for protection and to facilitate the drug transaction. Wilhike informed Agent Lusco that "we strapped, [carrying a weapon] too. We got a _____ pistol." He also whispered to Agent Lusco that they brought the gun and that if he (Wilhike) lost the cocaine, the person who gave him the cocaine to sell was going to kill him.

Wilhike's statements to the agents confirm the fact that the gun was used in connection with the drug-trafficking activities. Viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of § 924(c)(1) beyond a reasonable doubt.

B. Sentence: Acceptance of Responsibility

Wilhike complains that the district court erred in denying him a reduction in his base offense level for acceptance of responsibility. He insists that he never denied his role in the distribution of cocaine and that he was ready to plead guilty to the four distributing counts of the indictment; that he refused to plead only because the government would not accept his plea unless

5

he pleaded guilty to the firearm charge as well.

U.S.S.G. § 3E1.1(b) provides that a defendant may receive a two-level decrease in offense level if he "clearly demonstrates acceptance of responsibility for his offense[.]"  We review a district court's finding on acceptance of responsibility for clear error, but under a standard of review even more deferential than a pure "clearly erroneous" standard.  United States v. Tello, 9 F.3d 1119, 1122 (5th Cir. 1993) (internal citations and quotations omitted).

> According to the PSR, Wilhike:
>
> admitted to his involvement in selling cocaine.  He went to trial in this case because he did not want to plead guilty to the gun charge, which carries a five year consecutive sentence.  Wilhike initially believed he was not guilty of the gun charge because he did not arrange for Banks to be present at the drug deal with the gun.  However, Wilhike now realizes that his knowledge of the gun constitutes conspiracy to commit the firearms charge.

The PSR contained a recommendation that Wilhike be denied the adjustment for acceptance of responsibility.[2]  Wilhike objected to the PSR, arguing that the facts of the case did not support a conviction under § 924(c)(1) because the gun was not within his reach during the drug sale.  Wilhike also argued that he did not know of the gun's presence until the parties arrived at the motel; therefore, he did not use the gun to protect the drugs or

---

[2]  In determining that Wilhike was not entitled to a reduction in offense level for acceptance of responsibility, the PSR stated that Wilhike was found guilty at trial and that, pursuant to U.S.S.G. § 3E1.1, Application Note 2, the adjustment for acceptance of responsibility is not intended to apply to a defendant who puts the government to its burden of proof at trial, is convicted, and only then admits guilt and expresses remorse.

6

facilitate the transaction. The district court denied the reduction, stating that "[o]bviously the jury believed that the defendant knew of the firearm; he believed the gun was in reach of a co-defendant . . . and the gun increased the likelihood of success of the cocaine deal."

Under unusual circumstances a defendant may receive the reduction under § 3E1.1(b) even though he stands trial. United States v. Broussard, 987 F.2d 215, 224 (5th Cir. 1993); § 3E1.1(b), comment. (n.2). Such rare circumstances exist when a defendant goes to trial to assert and preserve issues that do not relate to factual guilt, such as a constitutional challenge to a statute or to the application of the statute to his conduct. Id. In Broussard, the defendant challenged the applicability of § 924(c)(1) to his conduct. Id. Broussard acknowledged that the guns which were the basis for the charge were in his home and also acknowledged their specific location, but contested the fact that he used or carried the guns during and in relation to the drug offense. Id. at 223-24. Finding that Broussard's challenge did not relate to factual guilt, we reversed the district court's denial of the reduction. Id.

In the present case, Wilhike's challenge to the application of § 924(c)(1) was both legal and factual. Unlike Broussard, Wilhike sought to deny or at least to minimize his connection with the firearm. He testified that it was "just happenstance" that Banks was at the transaction. He also testified that he was unaware that Banks was in possession of the walkie-talkie. Under these

7

circumstances, the district court did not abuse its discretion in denying Wilhike the adjustment for acceptance of responsibility.

AFFIRMED.